134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie L. GILMER, Jr., Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 97-15655.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1997.
Decided Jan. 9, 1998.
 
 Before: ALDISERT,** D.W. NELSON and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jimmie Lee Gilmer, Jr. ("Gilmer"), appeals from the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 A state court jury found Gilmer guilty of two counts of murder and two counts of attempted murder. Codefendant Anthony Nick'les ("Nick'les") and Gilmer, along with two others, went to Derwin White's ("White") apartment in Oakland to find money owed to Gilmer. During the ensuing confrontation, White and his mother were wounded and two people were killed.
 
 
 4
 A few weeks later police interrogated Gilmer. After he waived his Miranda rights at 10:30 a.m. and again at 11:49 a.m., he told the police that he was not in Oakland during the night of the murders. Gilmer waived his Miranda rights for a third and fourth time at 4:44 p.m. and at 5:37 p.m. on the same day. He then admitted to being at the apartment where the murders took place, but denied entering the apartment or shooting anyone. Meanwhile, at 4:30 p.m., Gilmer's attorney arrived at the station and asked to see him, but the police continued questioning him without his lawyer. None of Gilmer's statements were introduced at trial by the prosecution.
 
 
 5
 The district court's denial of a petition for writ of habeas corpus is reviewed de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). Gilmer raises five issues on appeal which we address seriatim.
 
 
 6
 First, Gilmer argues that his right to counsel was denied in violation of the Sixth Amendment when the trial court ruled that the prosecution could introduce the afternoon statement he made to the police after his lawyer was denied access to him. The Supreme Court has held that "the right to counsel granted by the Sixth and Fourteenth Amendments means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him." Maine v. Moulton, 474 U.S. 159, 170 (1985) (citation omitted).
 
 
 7
 The state relies on Patterson v. Illinois, 487 U.S. 285 (1988), but the Court noted that its decision "does not mean that all Sixth Amendment challenges to the conduct of postindictment questioning will fail whenever the challenged practice would pass constitutional muster under Miranda." Id. at 296 n. 9. The state also relies on Moran v. Burbine, 475 U.S. 412 (1986), but the Court limited its holding by noting that "once the [Sixth Amendment] right has attached, it follows that the police may not interfere with the efforts of a defendant's attorney to act as a ' "medium" between [the suspect] and the State' during the interrogation." Id. at 428 (emphasis and second brackets in original) (citations omitted).
 
 
 8
 The state contends that no formal proceedings had yet been brought against Gilmer because the municipal court had only issued an arrest warrant. See United States v. Pace, 833 F.2d 1307, 1312 (9th Cir.1987). However, in Pace, we expressly limited our holding to federal prosecutions. Id. at 1312 n. 3.
 
 
 9
 A county prosecutor declared that the type of complaint filed against Gilmer was the first step in prosecuting him and was not utilized merely to effectuate the issuance of an arrest warrant. We conclude, under California caselaw, that an adversarial process had begun against Gilmer. See People v. Engert, 193 Cal.App.3d 1518, 1525, 239 Cal.Rptr. 169, 173 (1987) (holding that an adversary judicial process had been commenced when "a complaint had been filed"); People v. Lebell, 89 Cal.App.3d 772, 778, 152 Cal.Rptr. 840, 844 (1979) (holding that where a complaint and arrest warrant have been filed, "[a]n adversary judicial process had been commenced").
 
 
 10
 However, finding that Gilmer's Sixth Amendment right to counsel had attached does not end our inquiry. Gilmer must establish that the violation of this right "had substantial and injurious effect or influence in determining the jury's verdict." Bonin v. Calderon, 59 F.3d 815, 823-24 (9th Cir.1995), cert. denied, 116 S.Ct. 718 (1996) (quotations omitted).
 
 
 11
 Gilmer argues that the trial court's ruling that his 5:37 p.m. statement was admissible prejudiced him because the threat of it coming into evidence prevented him from testifying. Gilmer's argument is illogical because if he had testified, the prosecutor surely would have introduced Gilmer's morning statement, which conflicted with his afternoon statement and with the position taken in his defense, and which was not subject to any Sixth Amendment challenge. In addition, even if the 5:37 p.m. statement did come into evidence, it would have been consistent with Gilmer's professed defense today--namely, that he was outside when the murders took place and that he did not personally commit the murders. Thus, even if the statement had come into evidence, it would not have had a substantial effect on the jury's verdict.
 
 
 12
 Moreover, the Supreme Court allows certain statements taken in violation of the Sixth Amendment to be used for impeachment purposes. Michigan v. Harvey, 494 U.S. 344, 350-51 (1990) (citations omitted).[1] Since the statement was not used against Gilmer during the prosecution's case-in-chief, but could have been used to impeach him if he testified, Gilmer has suffered no prejudice and has not demonstrated that the trial court's ruling had a substantial effect on the verdict.
 
 
 13
 Second, Gilmer argues that he was denied his right to a fair trial and to due process under the Sixth and Fourteenth Amendments when his motion to sever his trial from Nick'les' trial was denied, even though Nick'les implicated Gilmer as the sole triggerman. This argument fails because there is no evidence that Gilmer suffered sufficient prejudice to overcome the general presumption in favor of joint trials. See Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir.1980).
 
 
 14
 Third, Gilmer argues that he was penalized for invoking his Fifth and Fourteenth Amendment right not to testify when the prosecutor and counsel for Nick'les commented on Gilmer's failure to present evidence of his whereabouts at the time of the murders, even though both of them knew that such evidence could only be introduced through Gilmer's own testimony. This argument lacks merit because the comments were directed at Gilmer's failure to present evidence, not at his failure to testify. See Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir.1993), cert. denied, 114 S.Ct. 1295 (1994).
 
 
 15
 Fourth, Gilmer argues that his Fifth and Fourteenth Amendment right to have no reference made to his decision to remain silent was violated when a police officer testified that he had questioned Nick'les while Gilmer was in a nearby room. This argument fails because there is no evidence that the testimony had a substantial effect on the jury's decision. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 16
 Finally, Gilmer argues that he was denied his Sixth Amendment right to counsel, to personal presence and to a public trial when, without his or his attorney's consent, a substitute judge entered the jury deliberation room and told the jury that the trial court had not expected them to deliberate for that long and that logistical problems would require them to cease deliberations until the following week. Shortly thereafter, the jury returned its verdicts. This argument is meritless because, even assuming the substitute judge's actions were improper, there is no evidence that the comments about scheduling affected the outcome of the case. See United States v. Birges, 723 F.2d 666, 671 (9th Cir.1984).
 
 
 17
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 Honorable Rugger, J. Aldisert, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 The Supreme Court has also held that statements that are compelled, rather than voluntary, should be excluded even for impeachment purposes. New Jersey v. Portash, 440 U.S. 450, 459 (1979). Gilmer's statement was voluntary